United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-11251-amc
Steven G. Bell                                                      Chapter 13
Malissa A. Bell
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Dec 09, 2016
                              Form ID: 3180W           Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 11, 2016.
db              #Steven G. Bell,    3755 Genesee Drive,    Philadelphia, PA 19154-3018
jdb             #Malissa A. Bell,    3755 Genesee Drive,    Philadelphia, PA 19154-3018
12298826         ACC,    PO Box 264,    Taylor, PA 18517-0264
12298831        +ASSOCIATED MEDICAL SPECIALTIES,    2901 SOUTH HAMPTON ROAD,    PHILA. PA 19154-1208
12452487        +Abington Memorial Hospital,    c/o Abington Health Physicians,    PO Box 786496,
                  Philadelphia, PA 19178-6496
12475171       ++GALWAY FINANCIAL SERVICES LLC,    1290 W SPRING ST SE,    SUITE 270,    SMYRNA GA 30080-3690
                 (address filed with court: Galway Financial Services,    3870 Peachtree Industrial Blvd.,
                  Suite 150-316,    Duluth, GA 30096)
12304626        +Midland Credit Management, Inc.,    2365 Nortside Drive, Suite 300,    San Diego, CA 92108-2709
12332890        +Police and Fire Federal Credit Union,    901 Arch Street,    Phila., Pa 19107-2495
12965414         United States Department of Education,    Claims Filing Unit,    P O Box 8973,
                  Madison, WI 53708-8973

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: bankruptcy@phila.gov Dec 10 2016 01:54:03      City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA 19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 10 2016 01:52:56
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA 17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 10 2016 01:53:38      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12442358         E-mail/Text: bankruptcy@phila.gov Dec 10 2016 01:54:03      City of Philadelphia,
                  SchoolDistrict of Philadelphia,    Law Department - Tax Unit,    One Parkway Building,
                  1515 Arch Street, 15th Floor,    Philadelphia, PA 19102-1595
12639115        +EDI: RESURGENT.COM Dec 10 2016 01:38:00      East Bay Funding, LLC,
                  c/o Resurgent Capital Services,    PO Box 288,    Greenville, SC 29602-0288
12337551         EDI: JEFFERSONCAP.COM Dec 10 2016 01:38:00      Jefferson Capital Systems LLC,    PO BOX 7999,
                  SAINT CLOUD MN 56302-9617
12513399         EDI: RESURGENT.COM Dec 10 2016 01:38:00      LVNV Funding LLC,    Resurgent Capital Services,
                  PO Box 10587,    Greenville, SC 29603-0587
13027988         EDI: AIS.COM Dec 10 2016 01:38:00      Midland Funding LLC,    by American InfoSource LP as agent,
                  Attn: Department 1,    PO Box 4457,    Houston, TX 77210-4457
12960368         EDI: AIS.COM Dec 10 2016 01:38:00      Midland Funding LLC,    by American InfoSource LP as agent,
                  PO Box 4457,    Houston, TX 77210-4457
12341658        +E-mail/Text: bankruptcygroup@peco-energy.com Dec 10 2016 01:52:35      PECO Energy Company,
                  c/o Merrick L. Friel,    2301 Market Street, S23-1,    Philadelphia, PA 19103-1380
12550762        +E-mail/Text: blegal@phfa.org Dec 10 2016 01:53:21      PHFA,    211 North Front Street,
                  Harrisburg, PA 17101-1466,    Attn: ALSV/Anne
12448841         EDI: PRA.COM Dec 10 2016 01:38:00      Portfolio Recovery Associates, LLC,    POB 12914,
                  Norfolk, VA 23541
                                                                                              TOTAL: 12

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13027989*        Midland Funding LLC,    by American InfoSource LP as agent,    Attn: Department 1,    PO Box 4457,
                  Houston, TX 77210-4457
                                                                                                TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2016                              Signature:  /s/Joseph Speetjens

```
District/off: 0313-2           User: admin                  Page 2 of 2                   Date Rcvd: Dec 09, 2016
                               Form ID: 3180W               Total Noticed: 21
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 8, 2016 at the address(es) listed below:
              ANDREW F GORNALL     on behalf of Creditor    U.S. Bank National Association, As Trustee for
               Pennsylvania Housing Finance Agency agornall@kmllawgroup.com,    bkgroup@kmllawgroup.com
              ERIK L. COCCIA     on behalf of Creditor    Police and Fire Federal Credit Union
               ecoccia@dilworthlaw.com
              JAMES J. O'CONNELL    on behalf of Debtor Steven G. Bell jamesjoconnell@verizon.net
              JAMES J. O'CONNELL    on behalf of Joint Debtor Malissa A. Bell jamesjoconnell@verizon.net
              LEON P. HALLER     on behalf of Creditor    U.S. Bank National Association, As Trustee for
               Pennsylvania Housing Finance Agency lhaller@pkh.com,    dmaurer@pkh.com
              MITCHELL B. KLEIN     on behalf of Creditor    Police and Fire Federal Credit Union
               divellod@pffcu.org,    theisens@pffcu.org
              United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER     ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                           TOTAL: 8
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Steven G. Bell** | Social Security number or ITIN **xxx–xx–0638** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Malissa A. Bell** | Social Security number or ITIN **xxx–xx–9941** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11–11251–amc** | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Steven G. Bell                    Malissa A. Bell

12/8/16                           **By the court:**    Ashely M. Chan
                                                      United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**